UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JENNIFER HERNANDEZ,

                Plaintiff,

-against-

(ACS) ADMINISTRATION OF CHILDREN'S
SERVICES,
                Defendant.

-----------------------------------------------------------------x
JENNIFER HERNANDEZ,

                Plaintiff,

-against-

MARYBETH RICHROATH,

                Defendant.

-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-5248 (SLT)
05-CV-5249 (SLT)

TOWNES, United States District Judge.

Plaintiff, Jennifer Hernandez, filed these two actions pro se on November 2, 2005. The Court grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), consolidates these matters solely for the purpose of this order, but dismisses both complaints for the reasons set forth below.

## BACKGROUND

Plaintiff files these actions against the Administration for Children's Services ("ACS") and Queens Family Court Judge Marybeth Richroath seeking custody of her daughter, who is currently in

1

foster care. Plaintiff states

> I have completed parenting workshops. I've completed anger management workshops. I've also had severly [sic] random drug-testing which were all negative. I have a permanent housing for my daughter. A loving one-bedroom apartment. My daughter still remains in the foster-care system. She also [h]as a loving grandmother who also wants custody of her; but my loving daughter remains in foster-care system for over nine months.

Compl. 05-CV-5249 at p. 2; see also Compl. 05-CV-5248 at pp. 1-2.

## STANDARD OF REVIEW

In reviewing plaintiff's complaints, the Court is mindful that because plaintiff is proceeding *pro se*, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

The Court construes these actions as brought pursuant to 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[, but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). In order to maintain a §1983 action, a plaintiff must allege not only that "the conduct complained of ... [was] committed by a person acting under color of state law," but also that "the conduct complained of ... deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535

(1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Moreover, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted).

Judicial Immunity

As a preliminary matter, the court notes that plaintiff's claim against Judge Richroath cannot proceed. See Compl. 05-CV-5249. Judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994); see also Zuckerman, 421 F.2d at 626 n. 2 (42 U.S.C. § 1983 does not affect the established common law rule that a judge is immune from suit arising out of the exercise of her judicial power). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quotation omitted). In addition, the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). Jones v. Newman, No. 98 Civ. 7460 (MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999). As the alleged wrongdoings of Judge Richroath were acts performed in her judicial capacity in plaintiff's family court proceeding, plaintiff's claim is foreclosed by absolute immunity.

Rooker-Feldman Doctrine

To the extent plaintiff is challenging any final decisions by the family court, the Rooker-

3

Feldman doctrine precludes this court from exercising jurisdiction in this matter. Under the Rocker-Feldman doctrine–Rocker v. Fid. Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)–a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[1] See Phifer v. City of New York, 289 F.3d 49, 57 (2d Cir. 2002) (plaintiff's claims attacking the family court's decisions regarding custody, neglect, and visitation are barred by Rooker-Feldman); Sanchez-Preston v. Judge Luria, No. CV-96-2440 (CPS), 1996 WL 738140, at *3 (E.D.N.Y. Dec. 17, 1996) (plaintiff may not seek reversal of a state court judgment "by recasting her claim in the form of a civil rights action") (citations omitted).

Younger Abstention

In addition, to the extent plaintiff is challenging ongoing family court proceedings, those claims are barred under the Younger abstention doctrine. Under Younger, federal courts cannot intervene in ongoing state court proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432, (1982). In the "interests of comity and federalism," the doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984). Therefore, a federal court should abstain from exercising jurisdiction when: (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the state proceeding affords the plaintiff

---

[1] The United States Supreme Court is the only Court that may review a state court's judicial decisions. 28 U.S.C. § 1257(a).

an adequate opportunity for judicial review of his federal, constitutional claims. Gentner v. Shulman, 55 F.3d 87, 88-90 (2d Cir. 1995). Here, each of the three conditions is satisfied and this court must abstain from adjudicating plaintiff's claims challenging her ongoing state court proceedings.

## CONCLUSION

Accordingly, the complaints are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 1, 2005

SANDRA L. TOWNES
United States District Judge